UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JONATHAN RHOADES,<br>　　*Defendant.* | No. 3:15-cr-00206 (JAM) |

**ORDER DENYING MOTION TO SUPPRESS**

　　Defendant Jonathan Rhoades is charged by indictment with knowingly distributing visual depictions of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2). He has filed a motion to suppress physical evidence recovered from the search of his residence and to suppress his statements to law enforcement officials. For the reasons set forth below, I will deny the motion to suppress with prejudice as to the search of his apartment and without prejudice as to his statements.

**BACKGROUND**

　　Law enforcement officials routinely conduct internet searches of so-called peer-to-peer (P2P) file sharing networks to ascertain if persons are using the networks to transmit illegal child pornography. In mid-December 2014, Detective David Aresco of the Connecticut State Police performed one of these searches and discovered that six video files of suspected child pornography had been downloaded from a P2P network by a computer with a particular numerical internet protocol (IP) address. About one month later, Aresco learned that this IP address was registered to the internet service provider Comcast Communications. He then served a court order on Comcast to obtain subscriber information for this IP address, and Comcast advised him that the IP address was assigned to the account of defendant Jonathan Rhoades at

397 Conestoga Street in Windsor, Connecticut. Aresco verified that Rhoades still resided at this address.

On March 6, 2015, Aresco applied to a Connecticut state court judge for a search warrant for Rhoades' residence. Doc. #34-1 at 4–14. The affidavit attested that, on the basis of Aresco's training and experience, persons who are involved in sending or receiving child pornography tend to retain the pornographic material for long periods of time. *Id.* at 9. The judge authorized the warrant, and law enforcement officials searched Rhoades' residence on March 10, 2015, where they seized allegedly incriminating items.

Rhoades was not present at his residence when it was searched, and law enforcement officials soon thereafter found him at his place of employment where they interviewed him. Rhoades allegedly made incriminating statements during the course of this interview.

## DISCUSSION

Rhoades moves to suppress evidence for multiple reasons. First, he contends that the warrant was stale, because the evidence showed that the illegal downloads of pornography occurred in December 2014, but it was not until three months later in March 2015 that the police searched his residence. This argument lacks merit. Although it is unclear why the police waited as long as they did before seeking a search warrant for Rhoades' apartment, it is common sense that a person who downloads child pornography would likely retain what he has downloaded for a considerable period of time. Aresco's affidavit made clear that this was so on the basis of his training and experience. Because this case involves a gap in time of three months, the cases cited by Rhoades involving a gap in time of one year or more are not apposite.

The probable cause standard is not particularly demanding; it requires enough facts to justify a person of reasonable caution in the belief that a crime has occurred and that evidence of

the crime will be found in the place to be searched. *See, e.g.*, *Florida v. Harris*, 133 S. Ct. 1050, 1055 (2013). Here, there is no basis to conclude that probable cause no longer existed as of the time that the police applied for and executed the search warrant. *See, e.g.*, *United States v. Vosburgh*, 602 F.3d 512, 528–29 (3d Cir. 2010) (rejecting staleness challenge to search warrant for child pornography involving 4-month gap of time, because "[a]s the affidavit explained, and as we have long recognized, persons with an interest in child pornography tend to hoard their materials and retain them for a long time," and "the passage of weeks or months here is less important than it might be in a case involving more fungible or ephemeral evidence, such as small quantities of drugs or stolen music").

Even if there were some doubt about whether probable cause continued to exist to justify the search of Rhoades' residence, suppression would not be warranted because the police could rely in good faith on the judgment of the state court that approved the warrant that there was continuing probable cause notwithstanding the passage of time. *See United States v. Leon*, 468 U.S. 897, 920 (1984). Rhoades has done nothing to show why any of the narrow exceptions to the good faith rule should apply in this case. *Id.* at 923.

Rhoades next contends that suppression is warranted because Aresco deliberately or recklessly omitted material information from his affidavit. *See Franks v. Delaware*, 438 U.S. 154 (1978); *United States v. Mandell*, 752 F.3d 544, 552 (2d Cir. 2014). According to Rhoades, the search warrant affidavit did not disclose or discuss more information about how wireless routers work and about the possibility that some other person within proximate range of Rhoades' wireless router could have accessed the internet through Rhoades' account.

Based on my review of the search warrant affidavit, I cannot conclude that the inclusion of this information would have dissipated the existence of probable cause to search Rhoades'

residence. The police had clear probable cause to believe that there was evidence of unlawful activity involving the use of someone's computer that accessed the internet service provided by Comcast to Rhoades' residence. There is no claim that the police had any information to suggest that some perpetrator or imposter *outside* Rhoades' apartment had access to Rhoades' wireless router. Rhoades' argument amounts to no more than speculation that someone else outside the residence may have found some way to access Rhoades' wireless router, and the existence of such speculative possibilities does not negate the existence of probable cause. *See, e.g.*, *Vosburgh*, 602 F.3d at 527 (noting that "several Courts of Appeals have held that evidence that the user of a computer employing a particular IP address possessed or transmitted child pornography can support a search warrant for the physical premises linked to that IP address"); *United States v. Perez*, 484 F.3d 735, 740 (5th Cir. 2007) (affirming probable cause determination based on search of residence corresponding to IP address and noting that, even "though it was possible that the transmissions originated outside of the residence to which the IP address was assigned, it remained likely that the source of the transmissions was inside that residence").

     Rhoades next seeks suppression of his statements made to law enforcement officials on grounds that they were involuntary and secured without *Miranda* warnings. Rhoades' memorandum of law describes at length his counsel's version of the factual circumstances of the interview but does not include an affidavit from Rhoades attesting to any specific facts or include other records that substantiate any claim of police misconduct. It is well established that an evidentiary hearing is not warranted in the total absence of such actual evidence. *See, e.g.*, *United States v. Gillette*, 383 F.2d 843, 848 (2d Cir. 1967); *United States v. Morgan*, 2016 WL 1071108, at *2 (S.D.N.Y. 2016).

Rhoades' memorandum states that he "is prepared to supplement this motion with his declaration, with leave of the Court." Doc. #34 at 13. In light of the clearly established law that requires such evidence, Rhoades should have submitted such an affidavit in the first instance had he wished to pursue this claim. Nevertheless, I will grant leave to Rhoades to promptly submit an affidavit that sets forth clear and unequivocal facts to substantiate his claim of police misconduct in connection with his interview.

## CONCLUSION

The motion to suppress (Doc. #34) is DENIED with prejudice as to Rhoades' challenge to the search of his residence and without prejudice as to Rhoades' challenge to the admissibility of his statements to the police. If Rhoades wishes to renew his challenge to the admissibility of his statements to the police, then he shall file an affidavit by June 24, 2016, that sets forth clear and unequivocal facts to substantiate any claim of police misconduct. If the Court decides to conduct a hearing in light of Rhoades' additional submission, then such hearing shall take place at 2:00 p.m. on Monday, July 11, 2016. The parties shall contact chambers concerning jury selection and trial dates.

It is so ordered.
Dated at New Haven, Connecticut, this 15th day of June 2016.

       /s/ *Jeffrey Alker Meyer*
       Jeffrey Alker Meyer
       United States District Judge